1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FLOYD SCOTT, et al.,

                    Plaintiffs,

        v.

U.S. BANK, NA, et al.,

                    Defendants.

CASE NO. C17-5405 BHS

ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND AND
DENYING DEFENDANTS'
MOTIONS TO DISMISS AS MOOT

        This matter comes before the Court on Defendants' motions to dismiss (Dkts. 11,

15) and Plaintiffs' motion to remand (Dkt. 19). The Court has considered the pleadings

filed in support of and in opposition to the motions and the remainder of the file and, for

the reasons stated below, hereby (1) grants the motion to remand and (2) denies the

motions to dismiss as moot.

## I.    BACKGROUND

        On April 20, 2017, Plaintiffs filed a complaint against Defendants in Clark County

Superior Court. Dkt. 1 at 2. On May 26, 2017, Defendants removed the action based on

diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1.

On June 2, 2017, Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration Systems Inc., and U.S. Bank, N.A. moved to dismiss. Dkt. 11. On June 8, 2017, Defendant North Cascade Trustee Services Inc. ("NTCS") filed a motion joining in its codefendants' motion to dismiss. Dkt. 15.

On June 6, 2017, Plaintiffs moved to remand the case to Clark County Superior Court. Dkt. 19. On July 10, 2017, Defendants responded in opposition to Plaintiffs' motion for remand. Dkt. 20.

## II.    DISCUSSION

Plaintiffs move to remand the proceedings to state court on the basis that the presence of MTC Financial Inc. ("MTC") and NTCS in this case destroys the diversity necessary for federal jurisdiction under 28 U.S.C. § 1332. The Court agrees. Plaintiffs have shown that MTC and NTCS are non-diverse parties and Defendants do not contend otherwise. Instead, Defendants argue that diversity jurisdiction exists because either: (1) MTC and NTCS are nominal defendants, or (2) MTC and NTCS were fraudulently joined. The Court rejects both of these arguments.

"[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Petheram v. Wells Fargo Bank*, C13-1016JLR, 2013 WL 4761049, at *2 (W.D. Wash. Sept. 3, 2013) (quoting *Navarro Sav. Ass' n v. Lee*, 446 U.S. 458, 461 (1980)). While trustees are often treated as nominal parties, "[a] trustee has been found to be a real party when a plaintiff's complaint asserts claims against a trustee, including . . . allegations that the trustee . . . was not the trustee authorized to initiate non judicial foreclosure proceedings." *Beiermann v. JP*

*Morgan Chase Bank Nat. Ass'n*, 3:11-CV-05952 RBL, 2012 WL 1377094, at *2 (W.D. Wash. Apr. 19, 2012). Such is the case here, where Plaintiffs assert Washington Consumer Protection Act claims against MTC and NTCS on the bases that they accepted appointments as successor trustees that they knew were unlawful and subsequently initiated non-judicial foreclosure proceedings despite knowing that they were not properly authorized trustees. *See* Dkt. 1-2 at 9, 14–15.

Further, Plaintiff fraudulently joined MTC or NTCS. Joinder of a resident defendant is fraudulent for the purpose of defeating diversity jurisdiction only when: (1) the plaintiff fails to state a cause of action against a resident defendant and (2) the failure is obvious according to the settled rules of the state. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). In this case, it very well may be that Plaintiffs have failed to state a claim against MTC and NTCS. Indeed, as argued in Defendants' motion to dismiss and accompanying request for judicial notice, it appears likely that U.S. Bank appointed successor trustees under its lawful authority as the holder of the subject note. *See* Dkts. 11, 11-1. However, the second prong of the fraudulent joinder test states that "the non-diverse claim must not only be unsuccessful, it must be untenable ab initio." *Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999). This reflects the fact that the Court's jurisdiction is a threshold issue: the Court cannot decide the type of arguments advanced in Defendants' motions to dismiss, which require examining the merits of the claims in detail by taking judicial notice of applicable loan documents, without jurisdictional authority.

Reviewing nothing but the allegations in the complaint that MTC and NTCS accepted unlawful appointments as successor trustees and subsequently proceeded to act on claims of default, Plaintiffs have alleged a tenable claim against non-diverse defendants under the CPA. *See Knecht v. Fid. Nat. Title Ins. Co.*, C12-1575RAJ, 2014 WL 4057148, at \*8 (W.D. Wash. Aug. 14, 2014). Whether Plaintiffs' allegations are contradicted or unsupported by the very loan documents that they necessarily incorporate, and therefore fail to state a claim, is a question to be resolved by a court with jurisdiction to hear the parties' dispute. That is not this Court.

### III.   ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to remand (Dkt. 19) is **GRANTED**. Plaintiffs' motions to dismiss (Dkts. 11, 15) are **DENIED without prejudice** as moot. The Clerk shall **REMAND** this matter to Clark County Superior Court.

Dated this 9th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge